LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-5338-BRO(JCGx) | Date | October 22, 2013 |
|---|---|---|---|
| Title | East End Properties v. Shonta Jones, et al. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). Whether a federal district court may properly exercise jurisdiction over an action removed from state court is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.) Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint.[1] Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Because a defense is not part of a plaintiff's properly pleaded claim, *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not

---

[1] Although inapplicable in this case, 28 U.S.C. § 1443 provides another means for removing a state court action to a federal district court.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-5338-BRO(JCGx) | Date | October 22, 2013 |
|---|---|---|---|
| Title | East End Properties v. Shonta Jones, et al. | | |

properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14. Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

In this case, Plaintiff alleges one cause of action for unlawful detainer, as defined by California Code of Civil Procedure section 1161. The Court has reviewed the complaint; there is no federal question involved in Plaintiff's allegations. Accordingly, it appears jurisdiction cannot properly be based on 28 U.S.C. § 1331.

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" the dispute is between "citizens of different states."[2] The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

In any case, the face of the complaint is clear: the amount demanded does not exceed $10,000. Accordingly, it would appear the amount of controversy does not exceed the requisite $75,000, and therefore jurisdiction based on 28 U.S.C. § 1332 is not proper in this case.

**Accordingly, Defendant Shonta Jones is hereby ordered to respond to the Court's Order to Show Cause Why the Case Should Not Be Remanded for Lack of Subject Matter Jurisdiction by October 29, 2013 at 5:00 p.m. A failure to file a response will be deemed consent to remand the case.**

**IT IS SO ORDERED.**

| | Initials of Preparer | rf |
|---|---|---|

---

[2] Diversity of citizenship may also be established on other grounds that are not relevant here. *See* 28 U.S.C. § 1332.